JOHN GANNON, APPELLANT, *v.* THE UNION FERRY COMPANY, RESPONDENT.

*Contributory negligence — when the question is one for the jury to decide.*

This action was brought to recover damages for injuries sustained by the plaintiff while being transported by the defendant as a passenger on its ferry-boat from New York to Brooklyn. The boat was so managed as to strike against the landing bridge with such force that the plaintiff was thrown down and his leg crushed between the boat and the bridge. At the time of the accident he was standing in front of the chain, leaning against the post to which it was fastened. Other passengers were standing in front of the chain at the same time.

*Held,* that the question of negligence should have been submitted to the jury, and that the court erred in directing a nonsuit.

APPEAL from a judgment in favor of the defendant, entered upon a nonsuit directed at the circuit.

*James W. Ridgway,* for the appellant.

*B. D. Silliman,* for the respondent.

BARNARD, P. J.:

There was proof given tending to show that the plaintiff was injured by reason of the neglect of the defendant. The Union Ferry Company is a corporation which transports passengers between New York and Brooklyn. The plaintiff, on the fifth of July last, was a passenger on one of the defendant's boats from New York to Brooklyn. The boat was so managed that it came against the bridge, to which the boat is fastened, with such force that the plaintiff was thrown down by the shock and his leg was crushed between the boat and the bridge. It appeared that the plaintiff, at the time of the collision, was standing in front of the chain, leaning on the post to which the chain was fastened. There were other passengers standing in front of the chain at the time of the accident besides plaintiff. The proof of negligence upon the part of the plaintiff was sufficient to carry the case to the jury. The defendant was bound to carry the passenger safely, and, to that end, to furnish good, sound boats and careful management of the same. When the boat is driven so hard against the land as to throw the passenger off his feet, and between the boat and landing place, it is for the jury to say whether the defendant did its duty on the occasion. The judge erred in nonsuiting the plaintiff upon the ground that his negligence contributed to the accident. As a general rule, the question of contributory negligence is for the jury. It is only under extraordinary circumstances that this question is one of law. The only fact to justify the nonsuit is that the plaintiff was before the chain. That is not a place of danger peculiarly if the boat is well managed. The fact that the boat was approaching the land swiftly is not of extreme moment, considering the skill and caution with which these boats are uniformly managed, and with what nicety of calculation the speed is proportioned to the needs of the occasion, and how soon the motion is reversed. Passengers commonly stand in front of the chains as the landing is approached. It was for the jury to say, under the general rule applicable to such cases, whether there was negligence upon defend-

ant's part that caused the accident, and, also, whether the plaintiff's negligence contributed to the injury he received.

The judgment should be reversed and new trial granted, costs to abide event.

PRATT, J., concurred; DYKMAN, J., concurred in the result, on the ground that the case was a proper one for the jury.

Judgment reversed and new trial granted, costs to abide event.